612 So.2d 107 (1992)
Jervis AUTIN
v.
Rodney J. TERREBONNE, Sr.
No. 92 CA 1688.
Court of Appeal of Louisiana, First Circuit.
September 10, 1992.
Edward T. Diaz, Golden Meadow, for plaintiff-appellant Jervis Autin.
Henry LaFont, Larose, for defendant-appellee Rodney J. Terrebonne, Sr.
Before EDWARDS, SHORTESS, CRAIN, GONZALES, JJ. and COVINGTON[*], J. Pro Tem.
*108 CRAIN, Judge.
In this election contest suit plaintiff, Jervis Autin, appeals from a judgment of the district court which refused to disqualify his opponent Rodney Terrebonne, Sr. as a candidate for election for the seat of the Mayor of the Town of Golden Meadow. La.R.S. 18:1409. Finding no error in the judgment of the lower court, we affirm.
A candidate seeking public office shall possess the qualifications for the office he seeks at the time he qualifies for that office. The sole issue presented for our consideration is whether the trial court erred in finding that Rodney Terrebonne, Sr. was "a qualified elector of the municipality" and "domiciled for at least the immediately preceding year in the municipality." La.R.S. 33:384.
"Domicile" is defined by Louisiana Civil Code, Article 38, as follows:
Art. 38. Domicile, general definition
Art. 38. The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.
Residence and domicile are not synonymous, and a person can have several residences but only one domicile. Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir., 1987). Change in domicile for purposes of qualifying for public office occurs when there is a change in actual residence accompanied by intention to make a new principal home. La.C.C. Arts. 42, 43. Villane v. Azar, 566 So.2d 645, writ denied, 567 So.2d 1108 (La., 1990). This intention may be proved by an express declaration in writing registered in the parishes of the old and new residence or, in the absence of declaration, by the circumstances surrounding the residence. Villane & Azar, id. A person may maintain more than one residence and the fact that one is maintained for political purposes does not itself prevent residence from being actual and bona fide. Williamson v. Village of Baskin, 339 So.2d 474, (La.App. 2nd Cir., 1976), writ denied, 341 So.2d 1126 (La., 1977). In a suit objecting to a candidacy on the ground that the defendant was not qualified to be a candidate because of not having been actually domiciled in the district for one full year preceding the time for qualification, the burden of proof is on the contestant. Slocum v. Dewitt, 374 So.2d 755, writ denied, 375 So.2d 1182 (La., 1979). There is a presumption against change of domicile. Messer v. London, 438 So.2d 546 (La., 1983).
As in any case the factual findings of the trial court will not be disturbed on appeal unless clearly wrong. Villane v. Azar, supra.
In the present case, the record reflects the following circumstances surrounding the defendant's residence and intention:
Mr. Rodney Terrebonne, Sr. testified that he registered as a candidate for mayor on August 20, 1982 and listed his address as 1111-A Bayou Drive in Golden Meadow. This fact was collaborated by Vernon Rodrigue, the Lafourche Parish Clerk of Court.
Mr. Terrebonne and his wife testified that they each were born and raised in Golden Meadow and except, for a six year period spent in New Iberia, they had resided there for their entire life.
Mr. Terrebonne stated that he has two businesses, Domanic Welding (a family corporation) and PT's Welding (a sole proprietorship). These businesses in Golden Meadow involve fixing offshore baskets and boat trailers. The defendant also works in Fourchon, Louisiana on contract to Shell Oil Company. He performs cutting and welding work for them on an average of three to four times per week.
The defendant's children are grown. He and his wife live both in Golden Meadow and Fourchon because of Mr. Terrebonne's work.
*109 In Fourchon, Louisiana, the couple have a fishing camp where they reside 75-80% of the time. The camp is on piers and measures approximately 30 ft. X 30 ft. It has electricity, water and phone service but no mail. It has a furnished kitchen, bath and bedrooms. The Fourchon property was purchased three years ago.
In Golden Meadow the couple originally owned a home at 2211 North Third Street, but it was the subject of a foreclosure in 1987.
The couple, who thereafter went into bankruptcy, then moved to 150 Dursette Street in Golden Meadow where they rented a residence from a friend, Linton Doucet for $150 per month. They moved from here in October, 1990, after the sale of the property.
Thereafter, the couple travelled back and forth between Golden Meadow and Fourchon. In Golden Meadow their business is located on land owned by Mrs. Terrebonne and her family at 1111 North Bayou Drive. At that location there are two additional buildings: a house owned by Mrs. Terrebonne's mother and a wooden building moved to this located by the defendant.
The wooden building is a 25 ft. X 18 ft. It has no water, gas, lights, nor telephone. It does have a bathroom and closet and some flooring, as well as separations. It was used to store family items and was intended to be used in the future, upon completion, as an apartment for the defendant and his wife.
In the interim, pending completion, the couple resided with Mrs. Terrebonne's mother in a separate bedroom of her house. They sometimes stay for a period of one to two weeks at this house. They will continue to stay here until their apartment is completed. This has always been home to Mrs. Terrebonne and she and the defendant expressed their continued intention that Golden Meadow is their "home".
Peggy Caillouet, an employee of the Lafourche Telephone Company, testified that her records indicate that the defendant currently has telephone service in Fourchon, Louisiana, with that service beginning on June 29, 1989. She stated that the service for the defendant in Golden Meadow was from 1971 through August, 1990. She indicated that currently all phone bills are sent to Mr. Terrebonne's Golden Meadow address in care of his business.
Ellen Finger, a parish sanitation manager, testified that her office had no record of sewage service connection for the defendant in Golden Meadow. She did, however, indicate that if the property involved was not the subject of a building permit, that she would not have a record of such service.
Louis Bernard is the Postmaster of Golden Meadow. He testified that a search of his records indicated a post office box in the name of the defendant's son and daughter respectively. He further testified that the son designated the box for himself, his father (i.e., the defendant) and his mother. Additionally, a post office box in the name of Domanic Welding was also designated to receive mail for the defendant and his other business, "PT's Welding".
Ernest Richard of the Lafourche Parish Assessor's office testified that his records did not indicate an assessment on real property in the defendant's name. There was property in the name of the defendant's business, Domanic Welding, which was located at 1111 N. Bayou Drive in Golden Meadow. Mr. Richard indicated that inherited or leased property would not appear on their records.
Lynn Duet, a gas bill clerk with the Town of Golden Meadow, testified that she had no current connection records for the defendant. Her records did indicate prior refunds to Mr. Terrebonne in April, 1987, at 2211 North Third Street and on September 13, 1990, at 150 Dursette Street in Golden Meadow.
The supervisor for Louisiana Motor Vehicles in the Southern District of Louisiana, Cecile Melancon, testified that Mr. and Mrs. Rodney Terrebonne, Sr. each had a driver's license with the address listed as 1111 North Bayou, Golden Meadow. Further, he stated that there were two vehicle registrations: a 1983 Chrysler, with an address *110 of 2211 North Third Street in Golden Meadow and a 1982 Dodge Truck which appeared under a company name, with a post office box in Golden Meadow.
Sterling Diaz, the Lafourche Registrar of Voters, testified that he had a voter registration for the defendant, filed November, 1971 with the address being 2211 North Third Street in Golden Meadow. There had been no change of address. Mrs. Terrebonne's address, which was also at that address, had also not been changed.

Qualified Elector
Plaintiff first contends that the defendant fails to meet the criterion of a mayoral candidate in that he is not a qualified elector of the municipality.
The record reflects that the defendant's registration, dated November 10, 1971, shows his residence as 2111 Third Street, Golden Meadow, Louisiana. His wife's registration bears this same address. No change of address has since been perfected. His current Golden Meadow address is 1111-A North Bayou Drive in Golden Meadow. Both his old and new residence addresses are in Ward 10 Precinct 9 in the Town of Golden Meadow.
With regard to the function of voter registration canvassing and cancellation, Louisiana Revised Statute Title 18, Section 191 provides:
R.S. 18 Sec. 191. Permanent registration
The registration of any person as provided in this Chapter shall remain in effect for so long as the registration is not canceled for a cause and in the manner set forth in this Chapter.
Amended by Acts 1989, No. 652, Sec. 1
In this case there has been no cancellation of the defendant's voter registration. Unless and until such an action is successfully taken, the defendant remains a "qualified elector" and, as such, meets this criterion for mayoral candidacy.

Domicile
The plaintiff contends that the defendant is domiciled in Fourchon, Louisiana and not in Golden Meadow. Thus, he argues that the defendant does not qualify to be a mayoral candidate for the municipality of Golden Meadow.
It is clear from the record that the defendant has more than one residence, thus intention is the determinative factor in ascertaining the location of his domicile.
Although the evidence on this issue is conflicting, there is ample support in the record for the trial court's conclusion that the intention of the defendant was to maintain his domicile in Golden Meadow. Some of the indicia of this intention is that the defendant was born and raised in Golden Meadow. He registered to vote and voted there. He received his mail there. He belonged to the Catholic Church and maintains active membership in associations in Golden Meadow. The couples' drivers' licenses bear a Golden Meadow address, as did their vehicle registration. Mr. Terrebonne owned a business there and, until a down turn in his financial condition, he owned a house in Golden Meadow. He thereafter, rented residential property in Golden Meadow. He purchased a building which he had moved to a piece of land owned by his wife and her family in Golden Meadow. The building, which was gradually being renovated, was intended to serve as an apartment for the defendant and his wife. In the interim, the couple resided in this municipality, on an average of two to three days per week, and stayed with Mrs. Terrebonne's mother at those times.
Based upon this evidence the trial judge found that Mr. Terrebonne was domiciled in Golden Meadow and thus was properly qualified to be a candidate for mayor of that township. We find no clear error in this regard.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[*] Grover L. Covington serving as Judge Pro Tempore.