621 So.2d 1139 (1993)
J.D. ARNOLD
v.
Milton Douglas HUGHES, II, et al.
No. 93 CA 0225.
Court of Appeal of Louisiana, First Circuit.
February 19, 1993.
A. Wayne Stewart, Denham Springs, for plaintiff/appellant.
Carey T. Jones, Denham Springs, for defendant/appellee.
En Banc.[1]
*1140 PER CURIAM.
This is a suit contesting the candidacy of Milton Douglas Hughes, II, for the office of District Judge for the Twenty-First Judicial District on the basis of lack of domicile. From a judgment dismissing the petition and maintaining the candidacy, plaintiff has appealed.
This court is considering this appeal in an en banc sitting pursuant to Louisiana Revised Statute 18:1409(H).

FACTS
In oral reasons for judgment the trial judge found:
As I understand it, the sole issue before the Court is whether Milton Douglas Hughes, II was domiciled in the 21st Judicial District for two years preceding the election scheduled to take place on April 3, 1993, and under Article Five, Section 24 of the Constitution [Louisiana Constitution of 1974] that requires he be domiciled for the two years preceding. I have, as you both know, I have listened very carefully to the witnesses and I find that Mr. Hughes was raised in Livingston Parish. He went to school in his elementary and high school in Livingston Parish, and the testimony shows he has always intended that Livingston Parish be his domicile. He is registered to vote in Livingston Parish. All of his activities have been in Livingston Parish. I, therefore, find in accordance with the law that Mr. Hughes was domiciled during the proper period of time prior to this election. So, therefore, I find him qualified to run for judge.
In addition to the facts found by the trial judge, we also find as fact that after finishing high school Mr. Hughes attended Louisiana State University as a commuter while living with his parents in Livingston Parish; that after he finished LSU he attended law school at Mississippi College and lived in Jackson, Mississippi, while attending law school; that upon completing law school he returned to Livingston Parish and commenced the practice of law first by working for a Livingston Parish law firm and then by sharing office space with another attorney in Denham Springs, Livingston Parish; that he lived with his parents in Denham Springs; that he met Anna Hamilton in late 1988 and they were married in September of 1989; that during their courtship they discussed that their home would be in Denham Springs because that was where Mr. Hughes practiced law; and that immediately prior to their marriage they looked for an apartment in Denham Springs but could not find one and settled on the use of an apartment Mr. Hughes' father owned an interest in East Baton Rouge Parish as a temporary residence until a permanent residence in Livingston Parish could be acquired.
After the marriage of Milton Douglas Hughes, II, and Anna Hamilton most of their nights were spent at the East Baton Parish apartment while most of their daytime activities and some nights were spent at the home of Mr. Hughes' parents. Some clothes of Anna and Doug Hughes were kept at the home of his parents. They had free access to the parents' home as well as a separate living area. Further, they even entertained their friends there at night.
Mr. Hughes continued to conduct his practice of law from his office in Denham Springs, and Anna Hughes was employed in Denham Springs. Both attended church in Denham Springs and were very active in church activities. Mr. Hughes continued his civic activities as well as continued as an umpire in youth baseball. Several attempts were made to either acquire property on which to build a house or to buy an existing house. Finally in September of 1992, Anna and Doug purchased a house in Livingston Parish and commenced living therein. Suffice it to say, except for residing in an apartment in East Baton Rouge Parish, Anna and Doug Hughes conducted their daily life in Livingston Parish.

DISCUSSION
Generally, the laws governing the conduct of elections should be liberally construed so as to promote rather than defeat a candidacy, Slocum v. DeWitt, 374 So.2d 755 (La.App. 3d Cir.), writ denied, 375 *1141 So.2d 1182 (La.1979), and any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
Louisiana Civil Code article 38 in part provides that "[t]he domicile of each citizen is in the parish wherein he has his principal establishment." This pronouncement is, however, tempered by article 41 which provides that "[a] change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there." (Emphasis added.)
From the facts found by the trial court and based on our review of the record and considering the law and jurisprudence, we conclude, as did the trial court, that Milton Douglas Hughes, II, never changed his domicile from Livingston Parish.
Therefore, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson is sitting as judge pro tempore by assignment of the Louisiana Supreme Court. Judge Kenneth J. Fogg has recused himself from consideration of this matter.