690 So.2d 247 (1997)
Kenneth BLACKWELL and William H. Prejean, Plaintiffs-Appellees,
v.
Jerl T. KERSHENSTINE and James R. Andrus, Defendants-Appellants.
No. 97-210.
Court of Appeal of Louisiana, Third Circuit.
February 27, 1997.
Writ Denied March 14, 1997.
*248 Earl Richard Robinson, III, Lake Charles, for Kenneth Blackwell et al.
Kenneth Michael Wright, Lake Charles, for Jerl T. Kershenstine et al.
Terry James Manuel, Sulphur, for James R. Andrus, Clerk of Court.
Before YELVERTON and COOKS, JJ., and BABINEAUX[*], J. Pro Tem.
YELVERTON, Judge.
In this action objecting to candidacy, defendant, Jerl T. Kershenstine, appeals a district court decision that he did not meet the qualifications of residence as required by law, and was therefore disqualified as a candidate in the primary election to be held on April 5, 1997, for the Lake Charles City Council seat in District F. For reasons assigned below, we affirm the trial court's decision.
The sole issue raised by this appeal is whether Mr. Kershenstine resided in City Council District F at the time he qualified for the election. The qualifying requirements for this office are found in Section 2-47 of the Code of Ordinances for the City of Lake Charles. That ordinance states:
Sec. 2-47. Residency requirement for city council candidates.
A candidate for the city council of the City of Lake Charles, Louisiana, must actually reside in the council district from which he seeks election.
The standard by which we review lower court decisions demands great deference to the trier of fact's findings when, as here, such findings are based on determinations regarding the credibility of witnesses. See Bradley v. Theus, 28714 (La.App. 2 Cir. 2/20/96); 668 So.2d 1304, writ denied, 96-0469 (La. 2/26/96); 668 So.2d 355. As the Second Circuit stated in Bradley, supra:

*249  Only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Gardner v. McDonald, 27,303 (La.App. 2 Cir. 08/23/95), 660 So.2d 107.
On the other hand, the plaintiff in an election matter has the burden of proof by a preponderance of the evidence. Autin v. Terrebonne, 612 So.2d 107 (La.App. 1 Cir. 1992). Also, election laws should be liberally construed so as to promote rather than defeat candidacy. Pattan v. Fields, 95-1936 (La.App. 1 Cir. 9/26/95); 669 So.2d 1233. This means that doubts as to the qualification of a candidate should be resolved in favor of permitting the candidate to run for public office. Pattan v. Fields, supra; Arnold v. Hughes, 621 So.2d 1139 (La.App. 1 Cir.1993).
In order to be qualified as a candidate for the City Council District F seat of Lake Charles, Louisiana, Mr. Kershenstine had to be a resident of District F at the time of qualification. In the present case, the trial court did not find Mr. Kershenstine's self-serving testimony that he lived in a small room behind his restaurant for the last two years, credible. This is not a situation where the defendant is claiming two residences. The defendant testified that he has been living in that one room, which he called an apartment, for approximately the last two years, and that he did not reside in the Fifth Avenue apartment. This testimony was strongly contradicted by the other evidence presented at trial on the merits, including his own Notice of Candidacy and his voting records.
Perhaps more than any other evidence, Mr. Kershenstine's application for candidacy revealed the contradiction regarding his testimony. On the qualifying form, Mr. Kershenstine listed his domicile address as 4245 Fifth Avenue, Apt. F5, and his mailing address as 817 McNeese Street (his restaurant). The application stated that he was a duly qualified elector for the Parish of Calcasieu in Precinct 124A. The Fifth Avenue address listed on the qualifying form as well as the precinct number were in District C, not District F.
The Election Code requires a candidate for office to be qualified to run at the time of his application. La.R.S. 18:451. Unless otherwise provided by law, the candidate's qualification to offer himself for election is determined when he files with the Clerk of Court as a candidate for public office. Butler v. Cantrell, 630 So.2d 852 (La.App. 4 Cir.1993), writ denied, 631 So.2d 431 (La.1994). At the time of qualifying, Mr. Kershenstine stated in the qualifying form that he was domiciled outside District F and also that he was registered to vote in a precinct outside that district.
At trial Mr. Kershenstine testified that personnel in the clerk's office led him to believe that he could not list his business address on the qualifying form as his domiciliary address, therefore, he used his son's apartment address. This testimony was contradicted by Pam Gerard, an employee from the clerk's office. She stated that initially Mr. Kershenstine gave the 817 McNeese Street address as his domiciliary address and later changed it to Fifth Avenue. She stated that Mr. Kershenstine did not know his precinct number for his voter's registration and walked across the hall to the Registrar of Voter's office to obtain his precinct number. Mr. Kershenstine, upon obtaining his precinct number, returned and changed his domiciliary address to the Fifth Avenue address. Mrs. Gerard stated only that she needed his domiciliary address and did not tell Mr. Kershenstine that he had to use his Fifth Avenue address. The qualifying form requires a mailing address only if it is different from the domiciliary address.
Other contradictions as to Mr. Kershenstine's testimony that he lived in the one room apartment behind his restaurant were his voter's registration forms. Linda Guillory, an employee of the Registrar of Voters' Office testified that Mr. Kershenstine listed as his residence his Fifth Avenue address on his voter's registration application dated May 20, 1996. Another voter registration form entitled "Address Confirmation at Polls" states "This confirms that the address where I live is [the Fifth Avenue address.]" This form was filled out on November 5, 1996. On the form the address where he received *250 mail was stated to be the McNeese Street address. Although Mr. Kershenstine testified that a week before the candidacy hearing he transferred his voter registration from the Fifth Avenue address to the McNeese Street address, we find this transfer irrevelant to support his claim of residence within the district and for qualification for the District F seat. As the Fourth Circuit in Butler v. Cantrell, 630 So.2d 852 (La.App. 4 Cir. 1993), writ denied, 631 So.2d 431 (La.1994), found under similar circumstances, a candidate's post-qualification transfer of his voter registration, although effective for purposes of allowing him to cast his vote on election day within the transferred district, is irrelevant to support his claim of residence within the district to meet his qualification requirements.
Mr. Kershenstine offered no explanation as to why he listed the Fifth Avenue apartment on his voter registration instead of the McNeese Street room, especially considering his testimony that he had been living at the McNeese Street room for approximately two years, and his testimony that he had never lived at the Fifth Avenue address.
He testified that he worked at the restaurant approximately 20 hours per day and shared the one room apartment at the restaurant with his co-owner at times. His testimony, as well as the picture in evidence of the room behind the restaurant, revealed that it had a single bed, a chair, a TV, a dresser, a small rack for clothes, and an air conditioner. The apartment did not contain a kitchen nor a bath. He stated he used the restroom and kitchen facilities in the restaurant and ate every meal in the restaurant. There was no testimony about bathing facilities. The trial judge observed in reasons for judgment that the room had no toilet articles, no shoes, no hats or caps, no refrigerator, no bathroom, no windows, no hobby articles of any sort, no books, no suitcases, and very few clothes. It did not look like a normal place of residency, a place where one lived. Yet, Mr. Kershenstine said that he lived there for the past two years, and that at times he even shared the room with Bob Egan, the co-owner of his restaurant. This court shares the trial judge's disbelief that this was his residence in the sense required by law.
Additional evidence which contradicted his testimony included the testimony of Laura Pollard, property manager of the Fifth Avenue apartments, and the Lake Charles phone book. Ms. Pollard testified that Jay Kershenstine, the defendant's son, was listed as the lessee on the Fifth Avenue lease. However, under "Occupants", Jerl Kershenstine was named. The application listed a Toyota and a Mercedes as cars kept at that address. Mr. Jerl Kershenstine admitted that he owned a Mercedes. The property manager had seen Mr. Kershenstine at the office in the past. The phone book listed Jay Kershenstine's address and phone number at an address other than the Fifth Avenue apartment. However, Mr. Jerl Kershenstine's phone listing gave him the Fifth Avenue address.
In order to establish a bonafide residence there must be actual, physical use or occupation of the quarters for living purposes. Butler v. Cantrell, supra at 856. The trial court did not find Mr. Kershenstine's testimony credible based upon the contradictory evidence. The court found that the evidence revealed Mr. Kershenstine's residence was the Fifth Avenue apartment. Based on the evidence presented this court agrees with the trial court's findings of fact.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Babineaux, J., sitting pro tempore by appointment of the Louisiana Supreme Court.