755 So.2d 254 (1998)
Joseph M. BAILEY
v.
Barry BOLTON and Johnny D. Crain, Clerk of Court for the Parish of Washington.
No. 98 CE 2026.
Court of Appeal of Louisiana, First Circuit.
September 10, 1998.
*255 Joseph M. Bailey, Bogalusa, LA, in proper person, plaintiff/appellant.
Barry Bolton, Attorney at Law, in proper person, defendant/appellee.
BEFORE: SHORTESS, C.J., CARTER, LeBLANC, WHIPPLE, and GUIDRY, JJ.
PER CURIAM.
This is an action objecting to the candidacy of defendant, Barry Bolton, who qualified as a candidate for Councilman District A, City of Bogalusa. Plaintiff, Joseph Bailey, filed this suit to disqualify defendant as a candidate for the position of Councilman District A, in the City of Bogalusa, alleging Bolton has not lived for the preceding year in the City of Bogalusa. Also named as defendant in this matter is Johnny Crain, Clerk of Court of Washington Parish. On September 1, 1998, the trial court found Bolton to be a qualified candidate for the position of Councilman District A, in the City of Bogalusa.
On appeal, Bailey asserts two assignments of error. He contends the trial court erred in its failure to notify all persons involved in the initial hearing to return to court for a second hearing. He further contends that the trial court erred in its interpretation of the term "resident" and its conclusion that Bolton was a qualified candidate.

DISCUSSION
The initial hearing of this matter took place on September 1, 1998, at 10 o'clock in the morning before the Honorable A. Clayton James. Present before the court were Bailey and Crain. Bolton was absent and unrepresented. The matter was taken up, tried and submitted. The court, in ruling from the bench, found that the defendant was not a qualified candidate for the position of Councilman in District A in the City of Bogalusa. While the trial court was orally issuing its ruling, the defendant entered the courtroom. Recognizing his error in not appointing a curator ad hoc for the absent and unrepresented defendant, the trial judge reconvened court within the hour, vacated his initial oral ruling and proceeded to take additional evidence. When Bolton completed his case, the trial court asked Bailey if he had "any other evidence, rebuttal evidence you wish to offer." Bailey offered maps to show that 1015 City Limits Road was outside the City of Bogalusa. The trial court then asked the parties "anyone have anything further?" Both parties indicated they had argument. When the judge asked Bailey if he had anything further to offer at this time, Bailey again restated his previous position. Bailey's argument was that Bolton had not lived in the City of Bogalusa for the preceding year and had last voted in Precinct 8-A[1] which is outside the city limits of Bogalusa. Thus, he claimed Bolton should be disqualified. We note Bailey did not object to the proceedings conducted by the trial court nor did he argue the grounds raised on appeal, i.e., that those persons present at the initial hearing were not present and available for the subsequent hearing. Because he failed to contemporaneously object, we conclude that Bailey waived this objection and thus cannot argue this alleged error for the first time on appeal. Jeansonne v. Bosworth, 601 So.2d 739 (La.App. 1st Cir.1992). This assignment of error lacks merit.
In his second assignment of error, Bailey contends the trial court abused it's discretion when it interpreted the actual meaning of "resident" rather than "considering the meaning of `resident' as set out in the Election Code." Through this assignment of error, he essentially challenges the trial court's factual finding that Bolton was a resident of the election district and its conclusion that he was a qualified candidate.
*256 The trial court took judicial notice of The City of Bogalusa Home Rule Charter and in quoting the Charter, noted that Section 2-01(D) requires "that a council member shall have actually resided within the city for at least one year, and, where applicable, within the district from which elected for at least six consecutive months, immediately preceding the time established by law for qualifying for office."
Generally, the laws governing the conduct of elections should be liberally construed so as to promote rather than defeat a candidacy. Arnold v. Hughes, 621 So.2d 1139, 1140 (La.App. 1st Cir. 1993). Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Arnold v. Hughes, 621 So.2d at 1141. A person may maintain more than one residence, and the fact that one is maintained for political purposes does not itself prevent residence from being actual and bona fide. Autin v. Terrebonne, 612 So.2d 107, 108 (La.App. 1st Cir.1992).
"Residency", for purposes of an election contest, presents an issue of fact. Blackwell v. Kershenstine, 97-210 (La. App.3d Cir. 2/27/97); 690 So.2d 247, writ denied, 97-0545 (La.3/14/97); 689 So.2d 1390. On review, the factual findings of the trial court will not be disturbed unless clearly wrong. Autin v. Terrebonne, 612 So.2d at 108.
The Louisiana Supreme Court has enunciated a two-part test for the reversal of a fact finder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) The appellate court must further determine that the record establishes that the finding is clearly wrong.
Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615 p. 7 (La.2/20/95); 650 So.2d 757, 762.
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's findings. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The Louisiana Supreme Court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirely, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Housley v. Cerise, 579 So.2d 973 (La.1991).
In the instant case, Bolton has lived at two residences pertinent to the issues presented in this matter. It is undisputed that in early 1997, Bolton resided with his parents at 1015 City Limits Road, Bogalusa, Louisiana, an address not located within District A of the city limits of Bogalusa. Bolton contends that in February of 1997, he purchased the property at 712 Louisiana Avenue and began residing there approximately one month later, in March of 1997. Thus, he contends, contrary to Bailey's claims, he is a qualified candidate for the position of City Councilman District A, City of Bogalusa as the Louisiana Avenue address is located within District A.
At the initial hearing, Bailey presented the records and testimony of Gladys Johnson, *257 the Registrar of Voters, which indicate Bolton last voted on October 18, 1997, in precinct 4-8AA. He contends this proves that Bolton lived at the City Limits address as late as June of 1998. As shown by the testimony of the Registrar of Voters, Bolton formally changed his address from 1015 City Limits Road to 712 Louisiana Avenue on June 3, 1998.
In opposition, Bolton introduced: 1) photographs of the interior of the building at 712 Louisiana Avenue, showing his bedroom, living room, and personal effects located therein; 2) the insurance policy and declarations sheets of the alleged residence; 3) appliance receipts and other receipts for purchases allegedly made for the residence; and 4) the purchase agreement, "Settlement Statement" and mortgage certificate showing his acquisition of the building and property on February 4, 1997. He and his parents, Frank and Ella Bolton, testified that he purchased the property in February, 1997, and began residing in the building shortly thereafter.
After careful review of the record, we conclude that the evidence showing Bolton was registered to vote, as of May of 1998 in precinct 4-8AA and that his address was listed in the voter registration records as 1015 City Limits Road, is not sufficient to overcome the documentary evidence and testimony presented by Bolton, his father and his mother that he had resided at 712 Louisiana Avenue since March 1997. Thus, we cannot say the trial court was clearly wrong in rejecting the residency challenge to his candidacy.
We find that a reasonable factual basis exists in the record to support the findings of the trial court. Thus, finding no manifest error herein, we affirm the judgment of the trial court dismissing plaintiff's action and objection to defendant's candidacy. Plaintiff, Joseph Bailey, is hereby cast for the costs of this appeal.
AFFIRMED.
NOTES
[1] The correct precinct is 4-8AA.