PER CURIAM.
This action commenced with a petition filed by Stephen Charles “Steve” Myers for Writ of Mandamus, and Application for a Temporary Restraining Order, Preliminary and Permanent Injunction, seeking to have his name included on the October 3, 1998 ballot as a candidate for Member, East Baton Rouge Parish School Board, District 7.
On August 19, 1998, Myers filed a Notice of Candidacy with the East Baton Rouge Parish Clerk of Court to become a candidate for the position of Member of the East Baton Rouge Parish School Board, District 7. On August 21, 1998, Myers filed a Notice of Candidacy with the Office of the Secretary of State for the State of Louisiana (hereinafter referred to as the “Secretary”), to become a candidate *253 for United States Representative for the Sixth Congressional District.
Myers was notified by the office of the Secretary by a letter from Wade Martin, the Administrator of Elections, Commissions, and Publications, that his name had been removed as a candidate for Member of the East Baton Rouge Parish School Board, District 7 election scheduled for October 3, 1998. On August 28, 1998, Myers filed the above mentioned petition. On September 4, 1998, Myers’ request for a temporary restraining order was denied by the trial court.
In response to Myers’ petition, the Secretary filed peremptory exceptions raising the objections of No Cause of Action, No Right of Action and the dilatory exception raising the objection of Improper Cumulation of Actions.
On September 11, 1998, the trial court signed a judgment which denied all of the Secretary’s exceptions, and Myers’ Writ of Mandamus. The judgment also directed the Secretary, pursuant to the preliminary injunction, to include the name “Steve Myers” on the October 3, 1998 ballot as a candidate for Member, East Baton Rouge Parish School Board, District 7. The trial court conditioned the preliminary injunction upon Myers posting a security bond in the amount of $25,000, no later than 12:30 p.m. on Monday, September 14, 1998. Myers posted the bond timely and the Secretary appealed.
I ¡.DISCUSSION
On appeal, the Secretary asserts three assignments of error. In his first assignment of error, he contends the trial court erred in granting the preliminary injunction after finding Myers in violation of La.R.S. 18:453, which prohibits dual candidacy.
Myers filed multiple notices of candidacy which he admits might, if challenged in a case objecting to candidacy, conflict with the dual candidacy prohibitions of La.R.S. 18:453. Myers argues, since no challenge was brought by a qualified elector or registered voter, the Secretary has performed an ultra vires act by applying the provisions of La.R.S. 18:461(B), which applies only to multiple notices of candidacy filed at the same election.
La.R.S. 18:461(B) provides:
When a candidate has filed multiple notices of candidacy for election to more than one office at the same election, which multiple candidacies would be in violation of R.S. 18:453, and no action objecting to candidacy on the grounds provided in R.S. 18:492(4) has been commenced in a court of competent jurisdiction within the time for such objections as provided in R.S. 18:493, then, upon expiration of the time for such objections to candidacy, the person filing such multiple notices of candidacy shall be disqualified as a candidate in the primary election for all but the last of such offices for which he filed notices of candidacy, and any qualifying fees for those offices paid by the candidate shall be refunded as provided in R.S. 18:501. The secretary of state shall include the name of the candidate on the ballot for election to the last of such offices for which the candidate filed notices of candidacy and to no other such office for which dual candidacy would be prohibited.
Generally, the laws governing the conduct of elections should be liberally construed so as to promote rather than defeat candidacy. Arnold v. Hughes, 621 So.2d 1139, 1140 (La.App. 1st Cir.1993). Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Arnold v. Hughes, 621 So.2d at 1141. Ultimately, Myers will face voters who will, and should, exercise the final judgment on his candidacy. See Slocum v. DeWitt, 374 So.2d 755 (La.App. 3d Cir.), writ denied, 375 So.2d 1182 (La.1979).
The October 3, 1998 election is the primary election in which Myers is a candi *254 date for Member of the East Baton Rouge Parish School Board. The November 3, 1998 election is the primary election in which Myers is a candidate |sfor United States Representative for the Sixth Congressional District. These are two separate elections. .Myers is not a candidate “for election to more than one office at the same election” and thus, the Secretary is without authority to remove his name from the ballot. La.R.S. 18:461(B).
Because Myers is a candidate in two separate elections, we find no error in the trial court’s judgment issuing the preliminary injunction directing the Secretary to include Myers’ name on the October 3, 1998 ballot as a candidate for Member of the East Baton Rouge Parish School Board, District 7. Accordingly, we affirm the judgment of the trial court in favor of plaintiff, Steve Myers. Defendant, Secretary of State, is hereby cast for the costs of this appeal in the amount of $261.16.
AFFIRMED.
WEIMER, J., concurs with reasons.