I,SAUNDERS, Judge.
In this action objecting to candidacy, defendant, Linda Navarre Duhon, appeals the district court decision that she did not meet the qualifications of residence and domiciliary status required by law, disqualifying her as a candidate in the primary election for the position of Council Member for District 5 of the Lafayette City-Parish Council. For the reasons assigned below, we affirm the trial court’s decision.
The primary issue raised by this appeal is whether Ms. Duhon resides in Lafayette Parish. The qualifying requirements for Council Member are found in the Home Rule Charter for Lafayette-City Parish Consolidated Government. Article 2 Section 2-01 subparagraph D of the Charter provides as follows:
“A council member shall have been legally domiciled and shall have actually resided for at least one (1) year in the parish and six (6) months immediately preceding the time established by law for qualifying for office in an area which, at the time of qualification, is within the district from which elected.”
In Blackwell v. Kerchenstine, 97-210 (La.App. 3 Cir. 2/27/97); 690 So.2d 247, *15 writ denied, 97-0545 (La.3/14/97), 689 So.2d 1390, this court stated as follows:
“... the plaintiff in an election matter has the burden of proof by a preponderance of the evidence. Autin v. Terrebonne, 612 So.2d 107(La.App. 1 Cir.1992). Also, election laws should be liberally construed so as to promote rather than defeat candidacy. Pattan v. fields, 95-1936 (La.App. 1 Cir. 9/26/95); 669 So.2d 1233. This means that doubts as to the qualification of a candidate should be resolved in favor of permitting the candidate to run for public office. Patton[Pattan] v. Fields, supra; Arnold v. Hughes, 621 So.2d 1139 (La.App. 1 Cir.1993).”
In election matters, we are also mindful that the manifest error-clearly wrong standard demands great deference to the trier of fact’s determinations. See Bradley v. Theus, 28,714 (La.App. 2 Cir.2/20/96); 668 So.2d 1304 writ denied, 96-0469 (La.2/26/96), 668 So.2d 355.
In order to be qualified as a candidate for the Council Seat for District 5, Ms. Duhon must have resided in and been domiciled in District 5 of Lafayette Parish during the six month period of time immediately preceding September 9, 1999, and she must also have resided in and been domiciled in Lafayette Parish during the one year period of time immediately preceding the date of qualifying. In the present case, the parties stipulated that Ms. Duhon’s residence since 1982 was 101 Ado-la Road, Maurice, Louisiana. After a hearing on the merits the trial court determined that 101 Adola Road was located inside the geographic boundaries of Vermilion Parish and outside the geographic boundaries of Lafayette, and disqualified her as a candidate for not meeting the legal requirements under the Home Charter.
The evidence presented by the plaintiff to support these factual determinations consisted of the testimony of three experts: the Assistant Director of Public Works for Lafayette City Parish Consolidated Government, Mr. Bill Campbell; the parish engineer for Vermilion Parish, Mr. Gene Sellers; and Mr. [.-¡Michael Breaux, a licensed land surveyor who was qualified at trial as an expert in that field. Each of these individuals consistently testified that the residence at 101 Adola Road was located wholly in the geographical confines of Vermilion Parish.
Mr. Campbell, a civil engineer and licensed surveyor, testified that the official map of Lafayette Parish dated 1998, showed that Adola Road was south of the Lafayette boundary line. Mr. Sellers, the Parish Engineer for Vermilion Parish, testified that the official map for Vermilion Parish dated 1996 showed that Adola Road was within the geographical boundaries of Vermilion Parish. He explained that the location of Adola Road was depicted at the same approximate location on both the 1998 Lafayette Parish map and on the Vermilion Parish map. He opined that the parish boundary line is approximately % of a mile to the north of the intersection of Adola Road and Louisiana Highway 343, which is the location of the Duhon home.
Mr. Breaux, a land surveyor, also testified that in his opinion, Adola Road was in Vermilion Parish. Mr. Breaux consulted a written description of the parish boundary line prepared in 1944 by the Louisiana Department of Public Works, and opined that that map revealed that the area in dispute was in Vermilion Parish. He explained that this document is commonly accepted among land surveyors as the basis for the placement of parish boundary lines. He also utilized a Tobin map, introduced into evidence, which indicated that the property where Ms. Duhon lived was in Vermilion Parish. Mr. Breaux also testified that Ms. Duhon lives approximately
mile south of the parish boundary line. Mr. Breaux also identified photographs of two road signs that he observed on Louisiana Highway 343 near the Duhon residence on Friday, September 10, 1999. One sign read “Entering Vermilion Parish”, while the other sign read “Entering *16 Lafayette Parish.” The signs were located approximately a half mile north of the intersection of Louisiana Highway 343 Land Adola Road. Both of these signs would indicate to a motorist that the parish line was located approximately mile north of the intersection with Adola Road and that the corner of the intersection of Adola Road with Highway 343 would be in Vermilion Parish.
The defendant did not present any expert testimony which would contradict the testimony of these three individuals. The defendant did introduce the official map for Lafayette Parish of 1987 which showed Adola Road physically within Lafayette Parish. Mr. Campbell explained the discrepancy in the 1987 official map of Lafayette Parish which showed Adola Road as being in Lafayette Parish, as a result of a plotting error in locating Adola Road. He explained to the court that the boundary lines of both maps were approximately in the same location, but that Adola Road was shown in a different location on the two maps. He stated that in his professional opinion, the location of Adola Road on the 1998 map was correct. The plaintiff also introduced evidence that the Du-hons vote in Lafayette Parish, their children attend schools in Lafayette Parish, their taxes are assessed and paid in Lafayette Parish, their homestead exemption is filed in Lafayette Parish and that their road is maintained by Lafayette Parish.
Based on this evidence, we find that the plaintiff clearly met his burden of proof in proving that Ms. Duhon did not meet the residency requirements necessary for running for city-parish council. The expert testimony was clear in proving the Duhon residence was physically located outside Lafayette Parish. Therefore, we find the trial court correctly determined that Linda Navarre Duhon was prohibited from becoming a candidate for the office of council member of the Lafayette City-Parish council, District 5 in the primary election to be held October 23,1999.
IfiDefendant also raised the exception of indispensable party arguing that the Lafayette Consolidated Government had an indispensable interest in the establishment of the boundary line between Lafayette and Vermilion Parishes. In the present case the trial court did not establish or change the parish boundary line, it merely made a factual determination based on expert testimony that Ms. Duhoris home was located in Vermilion Parish. The trial court properly denied this exception.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.