UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30867
Summary Calendar

_____

JOHN AARON DUHON; BOBBY DUHON; LINDA DESHOTELS DUHON; DIRK D.
DUHON; CHRISTINA D. DUHON; RONOUS J. DUHON; GLENDA G. DUHON;
SIDNEY L. DUHON; CHRISTINE A. DUHON; GRACE D. HACKNEY; JAMES H.
HACKNEY; MASIL MIRE; ELLIS MIRE, JR.; VICKIE D. BADEAUX; LARRY
BADEAUX; BRADLEY DUHON; SHARON DUHON; RICHARD DUHON; VICKIE
DUHON; ELLA M. DUHON; THOMAS LEBLANC; DINA LEBLANC; NELL R.
LEBLANC; JOHN A. LEBLANC; ADOLA A. DUHON,

Plaintiffs-Appellants,

versus

CONSOLIDATED GOVERNMENT OF LAFAYETTE; ET AL.,

Defendants,

POLICE JURY OF VERMILION PARISH; RITTER TRAHAN, in the capacity
of President of Vermilion Parish Police Jury; CARROLL DUHON;
HUBERT FAULK; MINOS BROUSSARD; TERRY BESSARD; MARK POCHE; E.J.
BROUSSARD; EDVAL J. SIMON, JR.; KENNETH DEHART; LOUIS JOE HARDY;
PURVIS ABSHIRE; T.J. PREJEAN, JR.; MICHAEL J. BERTRAND; EUGENE
SELLERS; MALCOLM B. PRICE, JR., in his capacity as Chairman of
Louisiana Tax Commission; PERVIS MEAUX, also known as Pee Wee
Meaux; LUTHER HARDEE, also known as Buster Hardeel,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-1690)

_____
January 31, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

In connection with their 42 U.S.C. § 1983 action claiming numerous defendants have conspired to "exile" them from Lafayette Parish by transferring their place of residence to Vermilion Parish, by changing the boundary between the Parishes, Plaintiffs challenge the summary-judgment dismissal of the Vermilion Parish Defendants and Malcolm Price, Jr., Chairman of the Louisiana Tax Commission. The genesis of this action appears to be the successful challenge by one Defendant to the residency of one of the Plaintiffs in an election for the Lafayette Parish Council. *See* **Broussard v. Duhon**, 748 So. 2d 14 (La. Ct. App.), *writ denied*, 747 So. 2d 1129 (La. 1999).

A summary judgment is reviewed *de novo*, applying the same standard as did the district court. *E.g.,* **Stewart v. Murphy**, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Such judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, "show that there is no genuine issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c) (emphasis added). "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." **Stewart**, 174 F.3d at 533.

---

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It goes without saying that a properly supported summary judgment motion cannot be defeated by conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *E.g., **Little v. Liquid Air Corp.***, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). And, a summary judgment may be affirmed on "any basis raised below and supported by the record". ***Grenier v. Medical Eng'g Corp.***, 243 F.3d 200, 207 (5th Cir. 2001).

A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party". ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Plaintiffs have failed to demonstrate a genuine issue of material fact with respect to their allegations that there existed a conspiracy to change the parish boundary. Accordingly, we affirm the dismissal of the Vermilion Parish Defendants on that basis. *See **Grenier***, 243 F.3d at 207.

We affirm the dismissal of Price on the ground that Plaintiffs have failed even to allege a violation of a constitutional right by Price. ***Id***. Although Plaintiffs contend that the "changing" of the parish boundary violated their rights to due process, equal protection, and association, they make no contention that remotely suggests a constitutionally prohibited act by Price.

***AFFIRMED***

3