I «SULLIVAN, Judge:
The defendant, James “T.K.” Alexander, Sr., perfected this appeal from a judgment of the trial court which disqualified him as a candidate in the election for Mayor of Jeanerette. We affirm.
Plaintiff, Andre Rosamond, instituted suit, pursuant to La.R.S. 18:492, challenging the candidacy of defendant, James “T. K.” Alexander, Sr., for Mayor of Jeaner-ette based on La. Const, art. I, § 10(B)(2) and La.R.S. 18:451, which do not permit a person under an order of imprisonment for conviction of a felony to qualify as a candidate.
Defendant was convicted of public bribery on May 17, 2002 in the matter of State of Louisiana v. James T.K Alexander,
*830 Sr., No. 00-507, of the Sixteenth Judicial District Court, Parish of Iberia. On October 10, 2002, defendant was sentenced to a term of imprisonment of three years at hard labor, with two years being suspended. The court further ordered defendant be placed on probation for three years upon his completion of the prison term. An appeal of defendant’s conviction is pending before this court. Defendant remains free pending the appeal as he posted a post conviction bond.
In announcing the general principles with respect to election laws, the court in Arnold v. Hughes, 621 So.2d 1139 (La.App. 1 Cir.1993) stated:
Generally, the laws governing the conduct of elections should be liberally construed so as to promote rather than defeat a candidacy, Slocum v. DeWitt, 374 So.2d 755 (La.App. 3d Cir.), writ denied, 375 So.2d 1182 (La.1979), and any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
La. Const, art. I, §' 10 provides, in pertinent part:
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
[[Image here]]
(2) A person actually under an order of imprisonment for conviction of a felony.
[[Image here]]
|4La.R.S. 18:451 of the Louisiana Election Code also prohibits a person who is under an order of imprisonment for conviction of a felony from becoming a candidate. La.R.S. 18:2(8) defines “under an order of imprisonment” as a “sentence of confinement, whether or not suspended, whether or not the subject of the order has been placed on probation, with or without supervision, and whether or not the subject of the order has been paroled.”
On appeal, defendant contends “actually under an order of imprisonment” in La. Const, art. I, § 10(B)(2) means actual imprisonment. However, defendant offers nothing to support said interpretation. Defendant places a great deal of emphasis on the word “actually” in La. Const, art. I, § 10(B)(2) and the absence of that word in La.R.S. 18:2 and 18:451. This court finds the presence of the word “actually” in La. Const, art. 1, § 10(B)(2) and its absence from La.R.S. 18:2 and 18:451 is insignificant. This court further rejects defendant’s argument that “actually under an order of imprisonment” means actual imprisonment.
Defendant also argues the definition of “under an order of imprisonment” in La. R.S. 18:2 cannot be used to define the phrase “actually under an order of imprisonment” in La. Const, art. I, § 10(B)(2) because interpreting the constitution is a function of the judiciary not the legislature. Notwithstanding defendant’s argument that the definition of “under an order of imprisonment” in La.R.S. 18:2(8) may not be used to define or interpret the similar phrase in La. Const, art. I, § 10(B)(2), this court finds the definition in La.R.S. 18:2(8) to be reasonable. Therefore, this court will utilize the definition in La.R.S. 18:2(8) to interpret the similar provision in the constitution.
Although La. Const, art. I, § 10(A) pertains to a person’s right to vote, said provision is relevant as it provides that a person’s right to vote may be suspended while a person is under an order of imprisonment for conviction of a felony. In addressing the suspension of a person’s right to vote, the attorney general, in La. Atty. Gen. Op. 94-555 stated, in pertinent part:
... Specifically, our office has opined [in 89-456]:
*831 It is clear that the legislature in exercising the constitutional authority delegated by Art. I, § 10 has elected to limit disqualification from voting where a felony conviction is present to those cases where an fiorder of imprisonment is actually imposed, whether it be made executory or whether it be suspended or probated.
Therefore, the question with regard to sentencing under the Comprehensive Crime Control Act is whether a federal probationer or supervised releasee has actually received an order of imprisonment, regardless of whether such order has been made executory, suspended or probated. If the answer is yes, then it is our opinion that such individual loses his right to register and vote. As we opined in opinion number 89-456, if the two following essential requirements are met: (1) Conviction of a felony, (2) for which a sentence of incarceration is imposed, although suspended, probated or paroled, then the suspension of voting rights under the Constitution and the Election Code are satisfied. However, we have further opined that simple probation, where die imposition of sentence is suspended, and where there is no sentence at all, does not suffice to suspend voting rights. (Emphasis added.)
Summarising, defendant was convicted of a felony and a sentence of confinement was imposed upon defendant as a result of said conviction. Therefore, this court finds the defendant is “under an order of imprisonment” pursuant to La. Const, art. I, § 10(B)(2).
Defendant alsd argues the order of imprisonment is suspended during the pendency of his appeal sfiice he is free on a post conviction bond. La.Code Crim.P. art. 918(B) provides for the suspension of the execution of a sentence where the defendant is “... admitted to ppstconviction bail.” As noted by the trial judge in his reasons for judgment, article 913 speaks of suspension of the execution of the sentence not suspension of the imposition of the sentence. Defendant acknowledges that the imposition of the sentence is not suspended, but argues that if La. Const, art. I, § 10(B)(2) requires actual imprisonment, then the effect of the suspension of the execution of sentence is that the order of imprisonment is suspended. This court previously rejected defendant’s argument that actual imprisonment is required under La. Const, art. I, § 10(B)(2). This court finds suspension of the execution of defendant’s sentence pursuant to La.Code Crim.P. art. 913 does not mean the defendant is not “under an order of imprisonment.”
Accordingly, this court finds the trial court was correct in disqualifying the defendant on the basis of La. Const, art. I, § 10(B)(2). Therefore, the judgment of the hfrial court is affirmed at appellant’s cost.
AFFIRMED.