STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1743


JOSEPH K. FONTENOT

VERSUS

PYRAMID ALLOYS, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 02-06596
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Sylvia R. Cooks, and Oswald A. Decuir, Judges.

                                        AFFIRMED.


Richard Mary
Moss & Associates
814 South Washington Street
Lafayette, LA 70501
Telephone:  (337) 237-9680
COUNSEL FOR:
        Defendant/Appellant - Pyramid Alloys, Inc.

Aaron Wayne Guidry
Porter & Guidry, L.L.C.
P. O. Drawer 53320
Lafayette, LA 70505
Telephone:  (337) 289-0626
COUNSEL FOR:
        Plaintiff/Appellee - Joseph K. Fontenot

THIBODEAUX, Chief Judge.

In this workers' compensation case, the defendant, Pyramid Alloys, Inc. (Pyramid), appeals the ruling of the Workers' Compensation Judge (WCJ), finding that the plaintiff, Joseph K. Fontenot, proved by a preponderance of the evidence that he sustained a work-related accident. The WCJ awarded Mr. Fontenot past and future supplemental earnings benefits in the amount of $300.00 per week, $2,000.00 in penalties and $6,500.00 in attorney fees. We affirm.

I.

## ISSUES

1) Was the WCJ manifestly erroneous in finding that Mr. Fontenot was entitled to supplemental earnings benefits?

2) Was the WCJ manifestly erroneous in awarding Mr. Fontenot penalties and attorney fees?

II.

## FACTS

Mr. Fontenot was a warehouse manager for Pyramid, a company that sells welding rods. Pyramid is based in Humble, Texas. However, Mr. Fontenot worked in its Broussard, Louisiana office. Mr. Fontenot's duties included unloading packages of welding rods with a forklift, making deliveries, doing invoice tickets and taking inventory.

Mr. Fontenot claims that on August 10, 2001, he was injured while working in the course and scope of his employment. Mr. Fontenot testified that as he was trying to change the fuel pump on Pyramid's forklift, he felt something pull in his

1

back and a burning sensation down his legs.  He went to Lafayette General Hospital (LGH) complaining of lower back pain and pain in his legs.

On his first visit to LGH, Mr. Fontenot received an epidural injection and was sent home.  He went back to the emergency room and was admitted for several days.  Dr. Luiz C. DeAraujo ran several tests on Mr. Fontenot, including an MRI, which revealed ruptured discs in his back.  Mr. Fontenot went back to LGH in February of 2002 complaining of back pain.  He was given another epidural injection and was sent home.  He came back a week later and received another MRI which revealed the same ruptured disc as in August 2001.  Mr. Fontenot had surgery for his back on March 5, 2002.  However, after his surgery, he sought treatment at Lafayette Bone and Joint Clinic because his symptoms had worsened.  Pyramid paid Mr. Fontenot wages until he was discharged in November 2002 but did not pay his medical expenses.

Mr. Fontenot filed a disputed claim for compensation on September 3, 2002.  The WCJ ruled that Mr. Fontenot proved by a preponderance of the evidence that he sustained a work-related injury.  The WCJ awarded Mr. Fontenot past and future supplemental earnings benefits in the amount of $300.00 per week from December 1, 2002, $2,000.00 in penalties and $6,500.00 in attorney fees.  Thereafter, this appeal was filed.

III.

## LAW AND DISCUSSION

### Standard of Review

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review."  *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556.

Under the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Id.* Accordingly, if the trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990).

***Work-Related Accident***

Louisiana Revised Statutes 23:1031 requires a workers' compensation claimant to initially establish personal injury by accident arising out of and in the course of his employment. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Louisiana Revised Statutes 23:1021 defines an accident for purposes of workers' compensation:

> (1) "Accident" means an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

In *Bryan v. Allstate Timber Co.*, 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 724 So.2d 853, 855, this court discussed the claimant's burden of proving that an accident occurred:

> To recover workers' compensation benefits, a claimant must establish by a preponderance of the evidence that an accident occurred on the job site and that an injury was sustained. *Garner v. Sheats & Frazier*, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence

3

discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. [*Id.*] at 60. The evidence is viewed in a light most favorable to the claimant. When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability.

In the present case, Mr. Fontenot presented the only testimony regarding the occurrence of an accident since there were no witnesses to the accident. Mr. Fontenot's neighbor, Mr. Wayne Forrester, testified that he always saw him working on the forklift. However, he did not witness the accident that day.

Mr. Fontenot testified that on August 10, 2001, he was injured while working in the course and scope of his employment. Mr. Fontenot recalled that he was trying to change the fuel pump on Pyramid's forklift when he felt something pull in his back and a burning sensation down his legs. He testified that he called Mr. David Alexander, Pyramid's owner, and told him that he needed to go to the hospital because he was in pain.

"In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent 'circumstances casting suspicion on the reliability of this testimony.'" *Bruno*, 593 So.2d at 361 (quoting *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979)). Included in the evidence contradicting Mr. Fontenot's testimony is the stipulated testimony of Mr. Alexander. Mr. Alexander reported that Mr. Fontenot only advised him of the accident after he went to the hospital and that Mr. Fontenot was working on his personal pickup truck at the time of the accident. Pyramid also claims that LGH records of August 10, 2001 indicate that Mr. Fontenot was injured on the afternoon of August 9, 2001 and not on August 10, 2001. In addition, LGH records of August 11, 2001 indicate that Mr. Fontenot was injured while operating a backhoe instead of a forklift. Pyramid contends that the

4

WCJ incorrectly found that the testimony of Mr. Fontenot was plausible and that he presented sufficient evidence for finding that his injury was work-related.

Clearly, there are two permissible views of the evidence regarding whether working on the forklift was the cause of Mr. Fontenot's accident. The standard by which we review lower court decisions requires great deference to the trier of fact's findings, when, as in the present case, such findings are based on determinations regarding the credibility of witnesses. *Blackwell v. Kershenstine*, 97-210 (La.App. 3 Cir. 2/27/97), 690 So.2d 247, *writ denied*, 97-0545 (La. 3/14/97) 689 So.2d 1390. The WCJ stated that Mr. Fontenot was a credible witness. She stated that his medical history was consistent with the exception of mention of a backhoe, which she attributed to the doctor not knowing the difference between a backhoe and a forklift. It is apparent that the WCJ chose to believe the testimony of Mr. Fontenot over that of Mr. Alexander.

We find that the record supports the conclusion that Mr. Fontenot had an accident while in the course and scope of his employment with Pyramid. His medical records sufficiently corroborate that he injured his back on or about August 10, 2001, as a result of an on-the-job accident. Accordingly, the WCJ's finding that Mr. Fontenot sustained an accident resulting in a back injury is not in error and affirmed.

### *Penalties and Attorney Fees*

The WCJ awarded Mr. Fontenot penalties in the amount of $2,000.00 and attorney fees in the amount of $6,500.00 because Pyramid failed to pay his medical bills and workers' compensation benefits associated with the back injury he sustained as a result of his work-related injury.

5

Louisiana Revised Statutes 23:1201 provides for the payment by the employer and/or its insurer of workers' compensation benefits. In La.R.S. 23:1201(F) it provides in pertinent part:

> Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.

Subparagraph (2) of La.R.S. 23:1201(F) states: "This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control."

Pyramid argues that Mr. Fontenot's claim was reasonably controverted because his claim arose out of a January 2, 2002 accident and not from a work-related accident on August 10, 2001. Pyramid argues that on Mr. Fontenot's May 22, 2002 visit to Lafayette Bone and Joint Clinic, he indicated on a medical history form that he was injured in January 2002.

Mr. Fontenot recalled that, after his August 2001 injury, Mr. Alexander told him to go to the emergency room and to take care of his injury. He also testified that he called Mr. Alexander from the office trailer before he went to the hospital because he did not know how to handle the situation in that he did not have an insurance card. Mr. Fontenot's hospital records reveal that on August 10, 2001 he was seen at LGH and was given a steroid injection. He was admitted to the hospital on August 11, 2001 and was diagnosed with acute lumbosacral radiculopathy. After a MRI was performed, his final diagnosis was central right-sided disc herniation at L4-5.

6

Mr. Fontenot went to LGH again in February, 2002. He underwent another MRI which revealed the same disc herniation at L4-5, as in August, 2001. In a letter dated February 18, 2002, Dr. Ilyas Munshi stated that he reviewed Mr. Fontenot's MRI from his February visit to LGH, and that Mr. Fontenot would benefit if he underwent surgery. The medical evidence sufficiently links the accident of August 10, 2001 to his surgery of March 5, 2002. There is insufficient evidence that Mr. Fontenot sustained an accident on January 2, 2002 or, that if he did, it was the reason for his surgery.

Whether the WCJ finds that an employer reasonably controverts a claim for benefits is a question of fact. *Lyons v. Bechtel Corporation and AIU*, 00-0364 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, *writ denied*, 01-0282 (La. 3/23/01), 787 So.2d 996. We find no manifest error in the WCJ's finding that Pyramid did not reasonably controvert Mr. Fontenot's claim. Therefore, we affirm the WCJ's award of penalties and attorney fees.

### *Additional Penalties and Attorney Fees*

Mr. Fontenot argues that he is entitled to additional penalties and attorney fees because Pyramid did not pay its obligation under the judgment. Mr. Fontenot contends that Pyramid had an obligation to pay the judgment under La.R.S. 23:1201(G), and its obligation was not suspended by filing a devolutive appeal. Mr. Fontenot did not file an answer to this appeal. Failure to file an answer pursuant to La.Code Civ.P. art. 2133 precludes this court from considering this claim.

IV.

**CONCLUSION**

For the above reasons, the judgment appealed from is affirmed.  Costs of this appeal are assessed to Pyramid Alloys, Inc.

**AFFIRMED**.