685 So.2d 497 (1996)
Martha Jean MAYES, Individually, and Emma Mayes, Tutrix, Plaintiffs-Appellants/Appellees,
v.
STATE of Louisiana, et al., Defendants-Appellants/Appellees.
No. 96-789.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
Writ Denied March 7, 1997.
*498 Jack Forsythe Owens Jr., Harrisonburg and Gill Smith, for Martha Jean Mayes et al.
H. Bradford Calvit, Alexandria, for Thomas L. Jackson, Sheriff.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal of an involuntary dismissal of a suit to recover damages for the wrongful death of Willie Lee Mayes. The plaintiffs are Martha Jean (Johnson) Mayes, widow of the decedent, and Emma Mayes, mother of the decedent and the appointed tutrix of six children alleged to be descendants of the decedent. The six minor plaintiffs are Shawanda Johnson, Willie D. Johnson, Schneider Johnson, Annette Johnson, Larry D. Johnson and Howard Lee Mayes. Numerous defendants were named in the original suit, however, only Thomas Jackson, Sheriff of Catahoula Parish, remained when the case went to trial. At the close of the plaintiffs' case the trial judge granted Sheriff Jackson's motion for involuntary dismissal.

FACTS
On July 7, 1984, Willie Lee Mayes was booked into the Catahoula Parish Jail for aggravated rape and aggravated burglary. On the same day, Martha Jean Mayes was *499 booked on the identical charges. Willie remained in custody and on July 10, 1984 was arraigned and his bond was set. Martha had previously been released. Willie was remanded to the custody of Sheriff Jackson and remained in the Catahoula Parish Jail until July 30, 1984.
While in the Catahoula Parish Jail, Willie was housed alone in a two-man cell because accused rapists often become victims of other prisoners. On July 30, 1984, Willie was found hanging from the shower rod in his cell. He was discovered unconscious by deputies and ultimately transferred to a hospital where he died approximately two weeks later without regaining consciousness.
The autopsy report indicates that Willie was found hanging with his ankles and wrists bound in such a way as to allow a possible "escape" from death. The findings of Dr. George McCormick, II, the forensic pathologist, were that Willie in all probability suffered an autoerotic death which was accidental rather than suicidal. An autoerotic death refers to a death brought on while attempting to heighten sexual sensation during masturbation by cutting off the air supply until the last possible second prior to unconsciousness.
Plaintiffs contend that Willie's death was a suicide and resulted from the negligence of Sheriff Jackson. Plaintiffs' contention is based primarily on the testimony of Reverend Dave Mayes, Willie's first cousin and minister. Rev. Mayes testified that he visited Willie and Willie told him, "Dave, I didn't do this, and if I don't get out of here I am going to kill myself." Rev. Mayes further testified that, prior to leaving the jail, he notified the jailer on duty of what Willie had said.
Rev. Mayes did not ask the deputy to check on Willie nor did he check on Willie later that day or the following day. Furthermore, despite having done so in the past for other inmates, Rev. Hayes did not bring his concern to Sheriff Jackson's attention personally. In fact, Rev. Hayes did nothing to follow up on Willie's condition other than to recount Willie's statement to Emma Mayes.
The remaining evidence presented by plaintiffs attempts to establish the relationship of Willie to his alleged children. Only the birth certificate of Howard Lee Mayes acknowledges Willie as the father. Willie's wife, Martha, testified to her love and affection for Willie and his love and affection for his children. Unfortunately, her testimony was impeached on so many grounds that the trial judge felt compelled to advise her that she was not helping herself. Furthermore, her admission that she never visited Willie in jail during any of his multiple incarcerations, her statement incriminating Willie after her arrest on the rape charge, the removal of her children from her home by the state, the testimony of Emma Mayes regarding the nature of Martha and Willie's relationship, and the fact of her involvement with another man shortly after Willie's death all leave the verity of her statements at question.
Likewise, the testimony of children paraded before the court is as sad as it was unconvincing. The children gave vague answers when asked about activities adult witnesses had claimed Willie did with the children. None of the children could recall Willie being gone from the home during his numerous incarcerations. The only memory of Willie that one of the children could muster was a trip to the store with him.
At the close of plaintiffs' case, Sheriff Jackson filed a written peremptory exception of no right of action, or, in the alternative, motion for involuntary dismissal seeking to have all claims on behalf of Shawanda, Willie, Schneider, Annette, and Larry D. Johnson dismissed on the grounds that there was insufficient proof of filiation with the decedent. Immediately after the written motion was filed, Sheriff Jackson made an oral motion for involuntary dismissal on the merits, pursuant to La.Code Civ.P. art. 1672.
The trial court granted the motion for involuntary dismissal and specifically declined to rule on the peremptory exception. The plaintiffs lodged this appeal citing error of the trial court in granting the motion for involuntary dismissal and in sustaining defendant's objection to a question addressed to Rev. Mayes during the trial. Sheriff Jackson appeals the trial court's failure to rule on *500 the peremptory exception of no right of action.

INVOLUNTARY DISMISSAL
By their first assignment of error, plaintiffs contend that the trial court erred in granting the defendants motion for involuntary dismissal. We disagree.
The trial court has much discretion in determining whether to grant a motion for involuntary dismissal. Continental Ins. Co. v. Three Seasons Pest Control Co., 94-1094 (La.App. 3 Cir. 2/1/95); 649 So.2d 1220; Mott v. Babin Motors, Inc., 451 So.2d 632 (La. App. 3 Cir.1984). In making a determination on a motion for involuntary dismissal, the trial court is not required to review the evidence in the light most favorable to the plaintiff. Shafer v. State, Through DOTD, 590 So.2d 639 (La.App. 3 Cir.1991). The judge is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3 Cir. 11/2/95); 667 So.2d 552. An involuntary dismissal authorized by La.Code Civ.P. art. 1672 should not be reversed in the absence of manifest error. Marcotte v. Travelers Ins. Co., 258 La. 989, 249 So.2d 105 (La.1971); Liberto, 667 So.2d 552.
It is well settled that in order to recover under a negligence claim, four inquiries must be answered affirmatively. The inquiries are the following: (1) did the defendant owe a duty to the plaintiff; (2) was this duty breached; (3) was the breach of this duty a substantial factor in bringing about the harm to the plaintiff, i.e., was it a causein-fact of the harm which occurred; and (4) did the risks and the harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962).
The evidence presented fails to meet several of these criteria. Were we to assume a duty existed, the plaintiffs have presented little or no evidence of breach other than the fact of Willie's death. No evidence was presented as to whether the jailer took any action in relation to Rev. Mayes' notification. Likewise, there is only circumstantial evidence presented to establish that Willie committed suicide. The factual evidence presented in the autopsy report indicates that Willie died accidentally while seeking sexual release. Such being the case, plaintiffs' evidence regarding notice of Willie's alleged suicidal predilection is of questionable value. That is to say, there is some doubt whether the notice the jailer allegedly received had any bearing on the cause of Willie's demise or whether autoerotic death is within the scope of any duty owed by the Sheriff. Furthermore, plaintiffs failed to establish that if the notice was received, that it was adequate.
Willie had been in the jail for some time prior to his death and had apparently exhibited no other indications of an intent to commit suicide. Furthermore, Willie was a seasoned criminal who had been through the system. As such, he was no doubt aware of the time required to proceed from arrest to trial. Given such knowledge, his statement, "Dave, I didn't do this, and if I don't get out of here I am going to kill myself" would not necessarily suggest that immediate action was forthcoming. Likewise, Rev. Mayes' failure to follow up on Willie's statement does not reflect that he considered the circumstance dire.
In light of these facts, we find no manifest error in the trial court's granting of an involuntary dismissal.

QUESTIONING OF REV. MAYES
By their second assignment, plaintiffs contend that the trial court erred in sustaining the defendant's objection to a question asked of Rev. Mayes. We disagree.
The question at issue involved Rev. Mayes' reasons for making his statement to the jailer and his normal procedures in such circumstances. The defendant objected to the relevance of this question, noting that what Rev. Mayes said to the jailer and the actions he took were all that was relevant. The trial judge agreed and sustained the objection.
*501 Whether evidence is relevant is within the discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a clear abuse of his discretion. La. Code Evid. art. 401; Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1 Cir. 3/11/94); 634 So.2d 466, writ denied, 94-0906 (La. 6/17/94); 638 So.2d 1094. In the present case, we cannot say the trial court has clearly abused his discretion. Accordingly, this assignment lacks merit.
Sheriff Jackson contends that the trial court erred in failing to rule on his peremptory exception of no right of action. Because our resolution of plaintiffs' assignments of error is dispositive we need not reach Sheriff Jackson's assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.