STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-182

JUSTIN CONNER

VERSUS

GENE T.  ALLEN

************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF CONCORDIA, NO.  39,449 "B",
HONORABLE  LEO BOOTHE, DISTRICT JUDGE

************

ELIZABETH A.  PICKETT
JUDGE

************

Court composed of Judges Jimmie C.  Peters, Elizabeth A.  Pickett, and Arthur J. Planchard, Pro Tempore.

AFFIRMED.

Robert E.  Clark
Post Office Box 888
109 Carter Street
Vidalia, LA 71373
(318) 336-5886
COUNSEL FOR JUSTIN CONNER

Derrick D.  Carson
Post Office  Box 1106
Ferriday, LA 71334
COUNSEL FOR GENE T.  ALLEN

PICKETT, Judge.

The plaintiff-appellant, Justin Conner, appeals from a judgment of the trial court which dismissed his suit challenging the eligibility of defendant-appellee, Gene T. Allen, as a candidate for Mayor of the Town of Ferriday. We affirm.

On February 6, 2004, plaintiff-appellant filed a "Petition Objecting to Candidacy" which alleged defendant-appellee does not meet the qualifications, as set forth in La.R.S. 33:384, to seek the position of Mayor of the Town of Ferriday. A hearing was held on February 9, 2004. The trial court granted defendant-appellee's motion for involuntary dismissal. On February 10, 2004, judgment was signed dismissing the petition and affirming defendant-appellee's qualifications as candidate for the office of Mayor of the Town of Ferriday. On February 10, 2004, plaintiff-appellant filed a notice of appeal.

La.R.S. 33:384 provides:

> The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality.

In *Russell v. Goldsby*, 2000-C-2595 (La. 9/22/00); 780 So.2d 1048, the Supreme Court stated:

> In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; *Messer v. London*, 438 So.2d 546 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La.1991).
> ...
> Turning to the issue of domicile first, we note it is well settled that residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La. Civ.Code art. 38; *Messer*, 438 So.2d at 547; *Autin v. Terrebonne*, 612 So.2d 107 (La.App. 1st Cir.1992). A person's domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain. The

1

question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another place, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of establishment of a domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domicile. *Pattan v. Fields*, 95-1936 (La.App. 1st Cir.1995), 669 So.2d 1233. Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. *Messer*, 438 So.2d at 547; *Herpin v. Boudreaux*, 98-306 (La.App. 3d Cir.3/5/98), 709 So.2d 269, *writ denied*, 98-0578 (La.3/11/98), 712 So.2d 859.
*Russell v. Goldsby*, 780 So.2d 1048 at 1051.

Turning to the testimony offered by the plaintiff-appellant at trial, Golda Ensminger, Registrar of Voters for Concordia Parish, testified defendant-appellee changed his address with the Registrar of Voters Office from 2962 Highway 569, which is outside the city limits of Ferriday, to 609 Alabama Avenue, which is within the city limits of Ferriday, on February 12, 2003. Monelle Moseley, the Assessor for Concordia Parish, testified in February 2003, defendant-appellee requested the homestead exemption be removed from 2962 Highway 569. Cotrina Johnson, a billing clerk for the Town of Ferriday, testified the only account for water service for 609 Alabama Avenue is in the name of Concordia Funeral Home. Obie Jo Simmons, the 911 Coordinator, testified each residence or business in the Parish of Concordia should have an address for purposes of the 911 service, but that it is common in the parish to have more than one structure with the same address.

Defendant-appellee testified he, his wife, and his adult son have lived in a two bedroom trailer located behind his business, Concordia Funeral Home, located at 609 Alabama Avenue, since October 2002. Defendant-appellee also testified he has no intention of moving outside the city limits of Ferriday. Defendant-appellee receives mail at both 609 Alabama Avenue and P. O. Box 684. Defendant-appellee still owns the property located on Highway 569, and his wife occasionally visits that property on weekends.

Defendant-appellee testified the trailer located at 609 Alabama Avenue has electricity, water and sewerage. The service for the electricity is independent of the funeral home, but the water and sewerage service is connected to that of the funeral

2

home. There is one phone which rings at the funeral home and the trailer due to the need for being accessible to his clients at all times. The trailer is furnished with living room furniture, a kitchen table and chairs, and two beds. The trailer has a complete kitchen and bath. Defendant-appellee eats and sleeps at the trailer every day. Several photographs, which were taken the morning of the hearing, were introduced into evidence which depicted the trailer set up behind the funeral home and the contents of the trailer.

When a trial court's findings are based on determinations regarding the credibility of witnesses, great deference must be given to those findings. *Blackwell v. Kershenstine*, 97-210 (La.App. 3 Cir. 2/27/97), 690 So.2d 247, *writ denied*, 97-0545 (La. 3/14/97), 689 So.2d 1390. In *Mayes v. State*, 96-789 (La.App. 3 Cir. 12/11/96), 685 So.2d 497, *writ denied*, 97-0113 (La. 3/7/97), 689 So.2d 1376, this court stated a trial court's grant of a motion for involuntary dismissal should not be reversed in the absence of manifest error.

The trial court acknowledged the testimony regarding the change of address and the change of the homestead exemption made in February, 2003, within the year preceding the notice of candidacy, but the court stated this was simply when defendant-appellee completed the paperwork regarding the change of his address to 609 Alabama Avenue. The trial court stated the record is devoid of any evidence refuting defendant-appellee's testimony that he has been living at 609 Alabama Avenue since October, 2002, which is more than one year preceding his notice of candidacy.

We find no manifest error in the trial court's finding that plaintiff-appellant failed to establish, by a preponderance of the evidence, that defendant-appellee was not domiciled and did not actually reside in the municipality for at least the immediately preceding year.

In his appellate brief, plaintiff-appellant cites La.R.S. 18:101 B, which provides, in pertinent part:

> B. For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the

places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located.

As noted above, defendant-appellee removed the homestead exemption from the property at 2962 Highway 569 in February 2003. Pursuant to La.R.S. 18:101 B, defendant-appellee was required to register and vote in the precinct in which the residence on Highway 569 was located until he removed the homestead exemption from that property in February 2003. Therefore, plaintiff-appellant argues defendant-appellee could not meet the qualifications for Mayor of the Town of Ferriday until February 26, 2004, one year following the change removing the homestead exemption from the Highway 569 property.

This court finds La.R.S. 18:101 B does not preclude defendant-appellee from being domiciled and actually residing at 609 Alabama Avenue prior to the change regarding the homestead exemption in February 2003 for the following reasons. La.R.S. 18:101B pertains to voting, as indicated in the opening phrase of that paragraph, and is separate and apart from La.R.S. 33:384, which pertains to qualifications for mayor. Additionally, La.R.S. 33:384 simply requires the person to be an elector of the municipality, and the one year requirement found in that statute does not apply to the requirement of being an elector. As defendant-appellee changed his address to 609 Alabama Avenue with the Registrar of Voters in February 2003, he was an elector of the municipality at the time he filed his notice of candidacy. Therefore, defendant-appellee, Gene T. Allen, met all of the qualifications for mayor enumerated in La.R.S. 33:384.

For the reasons expressed above, the judgment of the trial court is affirmed at plaintiff-appellant's cost.

**AFFIRMED.**

4