COOKS, J.,
dissenting.
hi respectfully dissent from the portion of the majority’s opinion finding the trial court erred in determining that good cause existed as to why service could not be requested against Dr. Crawford and Warden Henderson within the ninety-day service period. The trial court found there was an extensive delay between the time the trial court granted Burgo pauper status and when the clerk of court issued service to those named defendants. The trial court felt this delay was the reason service did not occur within the ninety-day period set forth in the statutes. Thus, although finding on its face service was not made within the ninety-day service requirement found in La.Code Civ.P. art. 1201, the trial court believed dismissal was not appropriate because good cause was shown as to why service could not be requested against Dr. Crawford and Warden Henderson.
It is imperative to note that the trial court is accorded much . discretion in whether to grant an involuntary dismissal and that determination is subject to the manifest error standard of review. Kite v. Carter, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271; Guillory v. Int’l. Harvester Co., 99-593 (La.App. 3 Cir. 10/13/99), 745 So.2d 733, writ denied, 99-3237 *283 (La.1/14/00), 753 So.2d 220. I find the trial court did not manifestly err in finding good cause existed in this case. The record reflects that Burgo filed his lawsuit on May 13, 2011. The Clerk of Court signed the pauper affidavit on May 19, 2011. However, the notice was not sent to Burgo until June 29, 2011, well over one month past the date of signature. Burgo [^subsequently paid his filing fees and requested to proceed on August 15, 2011. The trial court specifically noted the Clerk’s office did not proceed until the trial court entered an order after Burgo’s second request on September 7, 2011. The request to issue service by court order was made on September 13, 2011. Therefore, the trial court concluded the first request was made in a timely manner but the Clerk’s office did not do it until the trial court entered an order. At that point Dr. Crawford and Warden Henderson were served physically. The trial court stated the following as to why it believed good cause was found here:
I think good cause is found. They were served four days later. I don’t know why they weren’t served before. I don’t know why he didn’t receive the pauper affidavit 15 miles down the road for thirty-five days. All this prejudices [Burgo] to some extent.
I find the trial court was not manifestly erroneous in finding good cause was shown as to why service could not be requested against Dr. Crawford and Warden Henderson within the ninety-day service period. Therefore, I would affirm the trial court’s judgment in that respect.