Dear Representative Wright:
This office is in receipt of your request for an opinion of the Attorney General in regard to residency requirements for membership on the Pollock Town council. You indicate Louisiana Highway 165, Grant Parish is presently under construction, and the property owned by Mrs. Rita Till on the Highway was purchased by the State. Being forced to move, and unsuccessful in locating property within the city limits, she is building her home immediately outside the city limits. Her request to be annexed into the city limits having been denied on the basis of the expense of running utilities to her property, she is faced with having to resign her position as Town Council member inasmuch as she will no longer reside within the city limits. You seek advice of this office on the matter.
It is pertinent to note that R.S. 18:581 provides in part that a vacancy is created in an elective office "when the person elected to or holding the office no longer meets the residence or domicile requirements of that office". It has been and remains our opinion that although R.S. 33:384 requires an alderman to be a qualified elector of the municipality, this statute does not address itself to the issue of an alderman moving outside the city limits afer his election. Atty. Gen. Op. No. 78-1244. However, we note that this question was answered in Williamson v. Village of Baskin,339 So.2d 474 (La.App 2 cir 1976) as follows:
 The fact of change of residence may ipso facto, automatically give grounds for having an office declared vacacted and the officer removed, but it cannot be said that the office is vacated until such is declared by a court or other authorized official or governing body.
 * * * * * * * * * * * * * * * * * * * * * * * * * * *
 This holding is- consistent with the definition of vacancy contained in Art. X, Sec. 28 of the 1974 Constitution:
 A vacancy, as used in this Constitution, shall occurr in the event of death, resignation, removal by any means, or failure to take office for any reason.
 The phrase "removal by any means" contemplates removal of the officeholder by lawful means before a vacancy can be said to exist.
This office has stated that when a local official moves from the district from which he is elected, the local governing authority may declare the office vacant. Atty. Gen. Op. Nos. 98-326, 92-350, 80-1171, and 78-1244.
R.S. 33:385 provides that the aldermen shall have the same qualifications as the mayor, and those elected from wards must be residents of their respective wards. Therefore, as required for the mayor under R.S. 33:384, they shall be electors of the municipality who at the time of qualification as a candidate shall have been domiciled and actually resided for at least the preceding year in the municipality.
The courts and this office have observed that an individual may have many residences but one domicile, that being the principal place of residence, Messer v. London, 438 So.2d 546 (La. 1983), Atty. Gen. Op. Nos. 98-277, 95-154. In Autin v. Terrebonne,612 So.2d 107 (La.App 1 Cr. 1992) the court stated the fact that one residence is maintained for political purposes does not itself prevent the residence from being actual and bona fide. However, "(t)here must be actual, physical use or occupation of quaters for living purposes before residence is established." Williamson,
supra.
However, we find it significant to note that in accordance with R.S. 18:101 if a citizen resides at more than one place in the state he may register and vote at only one of the places in which he resides. However, R.S. 18:101 (B) mandates "if a person claims a homestead exemption * * * he shall register and vote in the precinct in which that residence is located." Consequently, by maintaining a residence within the corporate limits in order to retain qualifications of the office, you. would not be able to take a homestead exemption on the home outside of the city limits.
In sum, until Mrs. Till's change of residence is duly established and the office is declared vacant in accordance with R.S. 18:602, she is entitled to remain in her elected office.
We hope this sufficiently advises you on matters of your concern.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General RPI/bbr