Dear Mr. Charles:
You advise that two members of the City Council for the City of St. Martinville, both of whom hold elective office to the council, no longer reside within their respective districts. You ask whether or not these individuals can continue to serve in office.
It is presumed that your legislative charter provides that a councilman must reside or be domiciled within the district which he represents. The Election Code provides that a vacancy is created in an elective office "when the person elected to or holding the office no longer meets the residence or domicile requirements of that office." See 18:581. "Domicile" is defined by Louisiana Civil Code Article 38, providing:
 The domicile of each citizen is in the parish wherein he has his principal establishment. The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.
Residence and domicile are not synonymous. A person can have several residences but only one domicile. See McClendon vs. Bell,2000 WL 1335895; see also Autin vs. Terrebonne, 612 So.2d 107, 108 (La.App. 1st Cir. 1992); writ den., 604 So.2d 954 (La. 1992).
An individual may have many residences but only one domicile, that being the principal place of residence. See Messer vs. London,438 So.2d 546 (La. 1983). There must be actual, physical use or occupation of quarters for living purposes before residence is established. See Williamson vs. Village of Baskin, 339 So.2d 474
(La.App. 2nd Cir. 1976). The court in Williamson, supra, further noted:
 The fact of change of residence may ipso facto, automatically give grounds for having an office declared vacated and the officer removed, but it cannot be said that the office is vacated until such is declared by a court or other authorized official or governing body.
Thus, the St. Martinville City Council as local governing authority must declare the office to be vacant as contemplated by the Election Code in R.S. 18:602. Until such time as the governing authority makes such a finding, both council members are entitled to remain in their respective offices. In accord is Attorney General Opinion 00-127, copy attached.
Finally, R.S. 18:602(G) states:
 G. The provisions of this Section shall apply to all local governmental subdivisions unless the filling of a vacancy otherwise is provided for by the constitution or by the home rule charter or home rule pan of government of the affected local governmental subdivision. Such constitutional home rule plan provisions shall govern the filling of the vacancies and the time and manner of calling elections to fill the vacancies to which such provisions apply.
This office observed in Attorney General Opinion 83-237 that a special legislative charter constitutes a home rule plan of government. If that charter provides for the filling of vacancies in the local governing authority then R.S. 18:602(G) would be applicable and the legislative charter provision would prevail.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 00-127
April 20, 2000
R.S. 33:385
R.S. 18:101
R.S. 18"602 77 — Officers — Local Municipal, Selection, Qualifications 
Tenure; Vacancies
Until a change of residence is duly established and the office is declared vacant, the individual is entitled to remain in office.
Hon. Tommy Wright State Representative District 22 P.O. Box 2440 Jena, LA 71342
Dear Representative Wright:
This office is in receipt of your request for an opinion of the Attorney General in regard to residency requirements for membership on the Pollock Town council. You indicate Louisiana Highway 165, Grant Parish is presently under construction, and the property owned by Mrs. Rita Till on the Highway was purchased by the State. Being forced to move, and unsuccessful in locating property within the city limits, she is building her home immediately outside the city limits. Her request to be annexed into the city limits having been denied on the basis of the expense of running utilities to her property, she is faced with having to resign her position as Town Council member inasmuch as she will no longer reside within the city limits. You seek advice of this office on the matter.
It is pertinent to note that R.S. 18:581 provides in part that a vacancy is created in an elective office "when the person elected to or holding the office no longer meets the residence or domicile requirements of that office". It has been and remains our opinion that although R.S.33:384 requires an alderman to be a qualified elector of the municipality, this statute does not address itself to the issue of an alderman moving outside the city limits after his election. Atty. Gen. Op. No. 78-1244. However, we note that this question was answered inWilliamson v. Village of Baskin, 339 So.2d 474 (La.App. 2 Cir. 1976) as follows:
 The fact of change of residence may ipso facto, automatically give grounds for having an office declared vacacted and the officer removed, but it cannot be said that the office is vacated until such is declared by a court or other authorized official or governing body.
 * * * * * * * * * * * * * * * * * * * * * * * * * * *
 This holding is consistent with the definition of vacancy contained in Art. X, § 28 of the 1974 Constitution:
 A vacancy, as used in this Constitution, shall occurr in the event of death, resignation, removal by any means, or failure to take office for any reason.
 The phrase "removal by any means" contemplates removal of the officeholder by lawful means before a vacancy can be said to exist.
This office has stated that when a local official moves from the district from which he is elected, the local governing authority may declare the office vacant. Atty. Gen. Op. Nos. 98-326, 92-350, 80-1171, and 78-1244.
R.S. 33:385 provides that the aldermen shall have the same qualifications as the mayor, and those elected from wards must be residents of their respective wards. Therefore, as required for the mayor under R.S. 33:384, they shall be electors of the municipality who at the time of qualification as a candidate shall have been domiciled and actually resided for at least the preceding year in the municipality.
The courts and this office have observed that an individual may have many residences but one domicile, that being the principal place of residence, Messer v. London, 438 So.2d 546 (La. 1983), Atty. Gen. Op. Nos. 98-277, 95-154. In Autin v. Terrebonne, 612 So.2d 107 (La.App. 1 Cr. 1992) the court stated the fact that one residence is maintained for political purposes does not itself prevent the residence from being actual and bona fide. However, "(t)here must be actual, physical use or occupation of quarters for living purposes before residence is established." Williamson, supra.
However, we find it significant to note that in accordance with R.S.18:101 if a citizen resides at more than one place in the state he may register and vote at only one of the places in which he resides. However, R.S. 18:101 (B) mandates "if a person claims a homestead exemption * * * he shall register and vote in the precinct in which that residence is located." Consequently, by maintaining a residence within the corporate limits in order to retain qualifications of the office, you. would not be able to take a homestead exemption on the home outside of the city limits.
In sum, until Mrs. Till's change of residence is duly established and the office is declared vacant in accordance with R.S. 18:602, she is entitled to remain in her elected office.
We hope this sufficiently advises you on matters of your concern.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General RPI/bbr