846 So.2d 825 (2003)
Laurin M. KNOTT
v.
Jamie ANGELLE.
No. 03-230.
Court of Appeal of Louisiana, Third Circuit.
February 27, 2003.
J. Jackson Burson, Jr., Eunice, LA, for Plaintiff-Appellant, Laurin M. Knott.
Aaron Wayne Guidry, Porter, Denton, & Guidry, Lafayette, LA, for Defendant-Appellee, Jamie Angelle.
*826 (Court composed of NED E. DOUCET, JR., OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges).
DOUCET, Judge.
The plaintiff, Laurin M. Knott, perfected this appeal from an adverse judgment of the trial court which dismissed her suit challenging the eligibility of the defendant, Jamie Angelle, as a candidate in the election for St. Martin Parish School Board Member for District No. 9. We affirm.
The plaintiff brought this suit pursuant to La.R.S. 18:492 objecting to the candidacy of the defendant. The ground of the objection was that the defendant was not qualified to be a candidate because he had not been actually domiciled in District 9 for a full year preceding the time for qualification as required by La.R.S. 17:52(E), which provides:
E. (1) Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board. However, at the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification.
(2) The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
(3) For purposes of this Section, "domicile" means a person's principal or habitual place of residence.
The defendant filed qualifying papers giving his domicile as 1700-A Declouet Highway, Breaux Bridge, Louisiana, but the plaintiff contends that the defendant's "actual domicile" is 1789 Declouet Highway, Breaux Bridge, Louisiana, which is in School Board District No. 7.
Following a trial on the merits, the trial court found that the defendant, Jamie Angelle, had been domiciled at 1700-A Declouet Highway for a full year preceding qualification as a candidate and rendered judgment in favor of the defendant, dismissing plaintiff's suit. From this judgment, the plaintiff has timely perfected an appeal under La.R.S. 17:1409.
The only issue presented in this appeal is whether the trial court erred in determining that Mr. Angelle was domiciled at 1700-A Declouet Highway for the year preceding the election. The Supreme Court in Russell v. Goldsby, 2000-C-2595 (La.9/22/00) 780 So.2d 1048, stated as follows:
[1-3] In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Messer v. London, 438 So.2d 546 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).

*827 [4-7] Turning to the issue of domicile first, we note it is well settled that residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La. Civ. Code art. 38; Messer, 438 So.2d at 547; Autin v. Terrebonne, 612 So.2d 107 (La. App. 1st Cir.1992). A person's domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain. The question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another place, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of establishment of a domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domicile. Pattan v. Fields, 95-1936 (La.App. 1st Cir.1995), 669 So.2d 1233. Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. Messer, 438 So.2d at 547; Herpin v. Boudreaux, 98-306 (La.App. 3d Cir.3/5/98), 709 So.2d 269, writ denied, 98-0578 (La.3/11/98), 712 So.2d 859.
As this court stated in Herpin v. Boudreaux, 98-306 (La.App. 3 Cir. 3/5/98), 709 So.2d 269, writ denied, 98-0578 (La.3/11/98), 712 So.2d 859, "domicile is an issue of fact to be determined on a case-by-case inquiry. As in any case, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong." Citations omitted.
The standard by which we review lower court decisions demands great deference to the trier of fact's findings, when, as in the present case, such findings are based on determinations regarding the credibility of witnesses. See Blackwell v. Kershenstine, 97-210 (La.App. 3 Cir. 2/27/97), 690 So.2d 247, writ denied, 97-0545 (La.3/14/97) 689 So.2d 1390. In the present case, the trial court in its well written reasons for judgment, made the following factual and credibility determinations:
Having the opportunity to judge the credibility of each witness, the Court finds the testimony of plaintiff's witness, Eldridge Menard inconsistent with other credible evidence regarding the defendant's domicile. Menard testified that the day before the trial, February 20, 2003, the defendant and his mother told him that the defendant slept at the home of his parent's, located at 1789 Declouet Hwy. five nights a week and with his sister two nights a week at another address. Mrs. Angelle, the mother, was equally available to both parties but was not called to testify. Additionally, Menard admitted to being convicted of false swearing and no other witness called by the plaintiff could substantiate the nature and accuracy of this conversation. It was also remarkable that this witness did not know other members of the Angelle family that reside at 1789 Declouet Hwy. and offered no other testimony regarding his knowledge of or contact with the defendant relative to his domicile. Therefore, the court gives no weight to the testimony of Mr. Menard relative to the domicile of the defendant. Further, plaintiff nor incumbent School board member of District No. 9, Floyd Knott, could testify of defendants actual domicile or residence for the year preceding February 14, 2003. Both witnesses testified that they did not know where the defendant lived and never had the occasion to visit him at home.

  
The inquiry into domicile essentially consist of two elements, residence and *828 intent to remain. Absent a declaration to change domicile, proof of intention depends on circumstances, and there also exist a presumption against change of domicile. Additionally, laws governing the conduct of elections should be liberally construed so as to promote rather than defeat candidacy. See Slocum v. DeWitt, 374 So.2d 755 (La.App. 3 Cir.1979).
Circumstances to consider in deciding whether a party has established domicile includes the location where a party sleeps, eats, establishes his household and surrounds himself with family and the comfort of domestic life. LSA-C.C. Acts 38, 41-43. The Court accepts the testimony of the defendant that for the last 1½ years he has maintained his principal establishment at 1700-A Declouet Hwy. Breaux Bridge, La. The defendant testified that 80% of his time was spent at that residence. He further testified, he not only spends most of his nights there, he also lives with a relative and has necessary items needed to establish a household. This testimony was corroborated by Ms. Misty Guidry, who testified to a close romantic relationship with the defendant; and that she has spent up to 3 nights a week, with the defendant at the 1700-A Declouet Hwy. Although she has visited with the defendant at other locations, this is the only place she has spent the night with the defendant in St. Martin Parish. Ms. Guidry further testified she has the occasion to see the defendant "almost daily"; and they work together at Crawfish Town USA in Cecilia. Finally, the above mentioned contact between this witness and the defendant has existed over the last 1½ years.
The defendant's father Jules Angelle testified that, at most, the defendant spends 10-20% of his time at 1789 Declouet Hwy. Even though the defendant's father testified that his son's habitual residence at 1700-A Declouet Hwy. began, "about October or November of last year", the Court finds more credible and complete the testimony of the defendant and Misty Guidry.
Considering the totality of the testimony and circumstances, the court finds evidence sufficient to support a showing of change of domicile for a person of this age, who is a single male; has no substantial financial ties anywhere at this time in his life; and has sufficient quantity and quality with 1700-A Delcouet Hwy., Breaux Bridge, La. The court also finds evidence sufficient to support the defendant's domicile at 1700-A Declouet Hwy. for the year preceding February 14, 2003.
We find that the trial court record supports the determination that Mr. Angelle lived the majority of his time at 1700-A Declouet Highway for the past year and a half, and that this residence became the principal establishment in which he made his habitual residence during this time. Therefore, we cannot say the court was clearly wrong in concluding that Mr. Angelle had changed his domicile to 1700-A Declouet Highway and was domiciled at 1700-A Declouet Highway for the preceding year. Therefore, Mr. Angelle is qualified to seek the candidacy for St. Martin Parish School Board Member, District No. 9. For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.