# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 05-975

WILLA DEAN JACKSON

VERSUS

HERSHAL R. BARRON

**********

**APPEAL FROM THE**
**PINEVILLE CITY COURT**
**PARISH OF RAPIDES, NO. 4-0603**
**HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE**

**********

**JAMES T. GENOVESE**
**JUDGE**

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

Andrew P. Texada
Post Office Box 1711
Alexandria, Louisiana 71309
COUNSEL FOR DEFENDANT/APPELLANT:
    Hershal R. Barron

Robert L. Beck, Jr.
5208 Jackson Street Extension, Ste. A
Post Office Drawer 12850
Alexandria, Louisiana 71315-2850
COUNSEL FOR PLAINTIFF/APPELLEE:
    Willa Dean Jackson

**GENOVESE, Judge.**

Defendant appeals the trial court's judgment overruling his declinatory exception of improper venue. For the following reasons, we reverse the trial court, sustain the exception of improper venue, and remand the matter to the trial court for transfer to Grant Parish.

## FACTUAL AND PROCEDURAL BACKGROUND

In October of 2004, Plaintiff, Willa Dean Jackson ("Jackson"), filed suit in the Pineville City Court in Rapides Parish, Louisiana, against Defendant, Hershal R. Barron ("Barron"), seeking damages for personal injury. Jackson alleges to have been injured on April 17, 2004, when she tripped and fell outside a mobile home owned by Barron in Pollock, Grant Parish, Louisiana. Jackson filed this action in Pineville City Court, claiming that Barron was a resident of Ball, Louisiana, which is within the territorial jurisdiction of Pineville City Court.

Barron filed a declinatory exception of improper venue, asserting that he is a domiciliary of Grant Parish; that the alleged accident occurred in Pollock, which is in Grant Parish; and that Pineville City Court in Rapides Parish does not have jurisdiction in this matter. The trial court ruled that Barron was a domiciliary of Rapides Parish and overruled his declinatory exception of improper venue. Barron appeals.

## DISCUSSION

The judgment which is the subject of this appeal is interlocutory. The trial court overruled a declinatory exception of improper venue filed by Defendant/Appellant, Barron. We review this matter pursuant to our supervisory jurisdiction on the basis that the judgment will cause irreparable harm.

An interlocutory judgment which causes irreparable harm is subject to this

1

court's appellate jurisdiction. La.Code Civ.P. art. 2083.[1]  Where a trial court overrules an exception of improper venue, irreparable harm may occur, and the ruling is subject to review by an appellate court, either via appeal or supervisory writs. *Cameron Parish Police Jury v. McKeithen,* 02-1202 (La.App. 3 Cir. 10/14/02), 827 So.2d 666, *writs denied*, 02-2547, 02-2548 (La. 10/23/02), 827 So.2d 1148, 1149.

Ordinarily, when an appeal involves a ruling on an exception with contested issues of fact, the standard of review is the manifest error–clearly wrong standard. *Chesne v. Mayeaux*, 03-0570 (La.App. 3 Cir. 11/5/03), 865 So.2d 766; *see also Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575 (citing *Stobart v. State of Louisiana, Through Dep't of Transp. & Dev.*, 92-1328 (La.1993), 617 So.2d 880). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking* Co., 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645).

Barron contends that neither the general venue rule set forth in La.Code Civ.P. art. 42, which states that an action against an individual domiciled in the state "shall be brought in the parish of his domicile," nor the exception found in La.Code Civ.P. art. 74, mandating that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained," applies in this case. At the hearing

---

[1]Louisiana Code of Civil Procedure article 2083 has been amended by Acts 2005, No. 205, §1, effective January 1, 2006, to provide that interlocutory judgments are appealable only when expressly provided by legislation; however, the amendment does not affect this case.

on the exception, Barron was the only witness to testify. Barron testified that prior to September 29, 2002, he resided on Daniels Road in Ball, Rapides Parish. However, since September 29, 2002, upon remarriage after the death of his first wife, Barron testified that he has lived in his present wife's home in Pollock, Grant Parish. Barron testified that since moving to Pollock he has spent every night in his wife's home in Pollock, eats his meals there, and has moved all of his personal belongings into her home. Barron testified that he did not sell his former residence in Ball and explained that he intended that home to eventually be for his two sons. Barron testified that he occasionally returned to his property in Ball to mow the lawn, but would not consider moving back to Ball, unless something happened to his wife.

Jackson contends that venue is proper in Rapides Parish because Barron maintains a home, a general delivery address, a homestead exemption, and voter registration in Rapides Parish. Therefore, Barron is deemed to be a domiciliary of Rapides Parish, and venue is proper pursuant to La.Code Civ.P. art. 42.

The Louisiana Supreme Court considered the issue of venue in the election suit of *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, where an elector challenged the qualifications of a mayoral candidate, alleging that the candidate did not meet the domiciliary requirement. The supreme court succinctly summarized the pertinent jurisprudential pronouncements regarding domicile as follows:

> Turning to the issue of domicile first, we note it is well settled that residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La.Civ.Code art. 38; *Messer* [*v. London*], 438 So.2d [546, 547 (La.1983)]; *Autin v. Terrebonne*, 612 So.2d 107 (La.App. 1st Cir.1992)[, *writ denied*, 604 So.2d 954 (La.1992)]. A person's domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain. The question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another place, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of establishment of a domicile as a matter

3

of fact with the intention of remaining in the new place and of abandoning the former domicile. *Pattan v. Fields*, 95-1936 (La.App. 1st Cir.1995), 669 So.2d 1233[, *writs denied*, 95-2382, 95-2381 (La. 9/29/95), 661 So.2d 1341, 1342]. Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. *Messer*, 438 So.2d at 547; *Herpin v. Boudreaux*, 98-306 (La.App. 3d Cir.3/5/98), 709 So.2d 269, *writ denied*, 98-0578 (La.3/11/98), 712 So.2d 859.

*Id*. at 1051.

Domicile is an issue of fact to be determined on a case-by-case basis. *Knott v. Angelle*, 03-230 (La.App. 3 Cir. 2/27/03), 846 So.2d 825. Louisiana Civil Code Article 38 states that a person's domicile is in the parish of his principal establishment, and it equates principal establishment to a person's habitual residence. A person can change his domicile by residing elsewhere, combined with the intent to make that his domicile. La.Civ.Code art. 41. Factual circumstances considered when deciding whether a party has established his domicile include the location where a party sleeps, eats, establishes his household, and surrounds himself with family and the comforts of domestic life. *Herpin v. Boudreaux*, 98-306 (La.App. 3 Cir. 3/5/98), 709 So.2d 269, *writ denied*, 98-578 (La. 3/11/98), 712 So.2d 859.

There being no other testimony or evidence to the contrary, this court accepts the testimony of Barron that since September of 2002 he has maintained his principal establishment in Pollock, in Grant Parish, and that he considers this home his domicile.

Following our review of the record, and considering the uncontroverted facts, we conclude that the trial court erred in determining that venue was proper in Rapides Parish. The evidence clearly shows that Barron lived with his new wife in her home since his remarriage in September of 2002 in Pollock, in Grant Parish, for nearly two years before the accident in question and that this residence became the principal establishment in which he made his habitual residence during this time. Barron's

4

domicile was Grant Parish.  Venue is not proper in Rapides Parish.

**DECREE**

For the foregoing reasons, the judgment of the trial court overruling Defendant's declinatory exception of improper venue is reversed.  The exception of venue is sustained.  The case is remanded to the trial court for transfer of the matter to Grant Parish.  All costs are assessed to the Plaintiff/Appellee, Willa Dean Jackson.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**